No. 18,177.

William C. Goodwin *v.* Anna Josephine Medford, etc.
(339 P. [2d] 499)

Decided May 18, 1959.

Mr. Robert B. Murray, for plaintiff in error.

Mr. T. Lee Witcher, Mr. Roy A. Payton, for defendant in error.

*En Banc.*

Mr. Chief Justice Knauss delivered the opinion of the Court.

The parties to this writ of error are here in reverse order of their appearance in the trial court, where defendant in error was plaintiff and plaintiff in error, with others, was defendant. We will refer to the parties as they appeared in the trial court, or by name.

By her amended complaint the plaintiff sought to enjoin defendants from interfering with her right to possession of two lode mining claims known as the Klondike No. 1 and No. 2, located in the Indian Springs Mining District in Fremont County, Colorado, upon which it is alleged the defendants wrongfully entered. Defendants denied generally the allegations of the amended complaint and by cross-complaint alleged that they are the owners of Kay Lode Mining Claims Nos. 1, 2 and 3 by valid locations made on February 17, 1955, and that plaintiff claims some right, title or interest therein, which it is alleged is without foundation. They pray for a decree quieting their title thereto.

Trial was to the court resulting in findings and judgment for the plaintiff, permanently enjoining the defendants from interfering with her possession and occupation of the Klondike claims. Defendants' cross-complaint was dismissed.

From the record it appears that plaintiff and another discovered and located the Klondike Lode Claims Nos. 1 and 2 on April 15, 1931, and on May 11, 1931, filed location certificates thereof in the office of the Clerk and Recorder of Fremont County, and each year since 1931 plaintiff has filed affidavits of assessment work as required by the mining laws of this state, except during those years when such work was excused in aid of national defense. The last of such assessment work being done in July, September and November of 1954. In January 1955 the defendant Goodwin called upon plaintiff and was given a sample of ore taken from the Klondike claims. A few days later he returned and told plaintiff that the sample was "lousy with uranium" and proposed a lease of the properties which the plaintiff declined. She also declined to give or show him the location of the claims. Sometime later, however, she gave an option to purchase to one F. T. Frost, whom she believed at that time to be associated with Goodwin, and

took Frost to the claims. She saw or heard no more of Frost.

On April 18, 1955, defendant Goodwin and R. George Silvola filed for record in the office of the Clerk and Recorder of Fremont County, certificates of location of the Kay Lode Mining Claims Nos. 1, 2 and 3 claiming discovery and location thereof on March 30, 1955.

Early in the spring of 1955 the plaintiff upon visiting her claims discovered defendant Goodwin and another man digging around on the property and setting stakes. In April she again visited the property at which time defendant Goodwin and others were there with bull-dozers, having destroyed the discovery shafts and exposed or stripped the vein opened to view by the discovery shafts on the Klondike claims for something more than one hundred feet along such vein. It is said some harsh and unprintable words were exchanged between plaintiff and Goodwin on this occasion culminating in Goodwin stating to plaintiff, "Well, if you want to get into the fight just toss your hat in the ring. We'd like to have you take it to court. We tried to lease these claims from you but you wouldn't do that. So now here it is, take the consequences." This action followed and a temporary injunction issued.

Counsel for defendant Goodwin, the only defendant involved in this writ of error, lists two points upon which it is claimed the trial court erred. 1. In holding that the Klondike claims were validly located. 2. In holding that said claims were maintained in such fashion after location as to be valid as against defendants.

■ We think neither of these points are material for the reason that the trial court did not base its decision on either ground. In reviewing the evidence the learned trial judge said:

"There is one matter of evidence that to the Court does not seem to be much in conflict, and that is the testimony of the defendants' engineer, Mr. Craig. * * * the evidence given by Mr. Craig has been more or less

agreed to in that if the boundaries of the defendants' claims Kay 1, 2 and 3, were delineated, and the boundaries of the Klondike claims were delineated on the map in juxtaposition or being imposed one upon the other, with, as Mr. Craig said, a slight exception there would be no conflict.

"It seems to me that the rule of claim location is that the survey is the boundaries upon which a locator can perform work. I don't know of any rule that he can locate and survey and record his claim and its boundaries and then perform work outside of those boundaries and benefit by it. While defendants contend that that has not been done, I cannot see that phase of it. It seems true from the evidence here that the work of the defendants is in some portion of the Klondike claims. And if that is true, and if the Kay claims do not enclose that ground, then, of course, it is immaterial whether the plaintiff has done any work on the claims or not, or whether they are now subject to location, because a location of a type, which I am inclined to believe from the evidence that the defendants made, was not a location upon the Klondike claims."

\* \* \*

"And the further fact that I can see no situation but that the defendants have not established by their evidence or by their maps that the work that they did, presumably on the Klondike claims, is within the boundaries of the survey which they presented to this Court as evidence. And under that situation they have failed to establish any right outside of those boundaries or upon the Klondike claims."

\* \* \*

"The Court finds that the plaintiff has sustained her right to the preliminary injunction that was issued, and that said injunction should be made permanent."

While it is true the court made some mention of the matters urged as error in summing up the evidence, and indicated that the evidence offered by the plaintiff

was sufficient to establish her rights with respect to both such matters, its decision was clearly based upon the proposition that the locations of the Klondike and Kay claims did not conflict, hence in their invasion of the Klondike claims the defendants were trespassers.

The judgment of the trial court, being amply supported by the evidence, is affirmed.